Michael & Shelly Ioane
501 N. Minnesota Street
Carson City, NV 89703
(775) 841-1876 Direct
(775) 841-6067 Fax

Plaintiffs in Pro Per

**FILED**

JUL 8 - 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AND SHELLY IOANE, and PARADISE SOLUTIONS, a Trust,<br><br>Plaintiff,<br><br>vs.<br><br>SANTA CLARA COUNTY SHERIFF, LAURIE SMITH, et. al.<br><br>Defendants. | Case No. 5:16-mc-80038-EJD<br><br>**NOTICE OF MOTION AND MOTION FOR NEW TRIAL/RECONSIDERATION OF "ORDER DENYING MOTION TO DISSOLVE [PRE-FILING] ORDER ENTERED 09/26/00" IOANE**<br><br>DATE: To Be Determined<br>Time: To Be Determined<br>Court Room: Hon. Edward J. Davila |

TO: HONORABLE EDWARD J. DAVILA, UNITED STATE DISTRICT JUDGE:

**NOTICE IS HEREBY GIVEN** that on a date and time to be determined, (as to which further notice shall be given), in the courtroom of the Hon. Edward J. Davila, United States Courtroom, 280 E. First Street, San Jose, CA 95113, Plaintiffs, MICHAEL IOANE and SHELLY IOANE will move, and hereby do move, for a new trial/reconsideration of the Court's "Order Denying Motion to Dissolve [Pre-Filing] Order Entered 09/26/00", filed herein on June 15, 2016.

---

NOTICE OF MOTION AND MOTION FOR NEW TRIAL/RECONSIDERATION OF "ORDER DENYING MOTION TO DISSOLVE [PRE-FILING] ORDER ENTERED 09/26/00"

Page 1

This motion will be made pursuant to Federal Rules of Civil Procedure, Rule 59 on the ground of newly discovered evidence in support of the motion and that the Court committed clear error in ruling that "challenge to the scope of pre-filing orders is not cognizable under Rule 60(b)(5). (Order, docket #3, 4:7-8), as more particularly set forth in the attached Memorandum of Points and Authorities, and Declaration of Michael Ioane.

This Motion will be based on this notice, attached Memorandum of Points and Authorities, Request for Judicial Notice, all papers and pleadings on file and such other oral documentary evidence that the Court may permit at, or before, the hearing.

Respectfully submitted,

Date: July 6, 2016        By: _____
                                SHELLY IOANE
                                Plaintiff, in pre se


Date: July 6, 2016        By: _____
                                MICHAEL IOANE
                                Plaintiff, in pre se

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The underlying civil rights action concerns events which transpired more than 16 years ago. In summary:

1. In April of 2000, Plaintiffs filed a First Amended Complaint which contained nineteen claims for relief. The claims included alleged civil rights violations against certain public officials. The claims all arose from the foreclosure of two residential properties, and Plaintiffs subsequent eviction therefrom after State Court unlawful detainer proceedings. Several of the defendants file motions to dismiss.

2. On August 25, 2000, the District Court, (Hon. Spencer Williams, now retired), granted the motions to dismiss finding that the claims were barred under the Rooker-Feldman Doctrine, in that the gravamen of the action was an attempt to undo the foreclosure sales of the subject properties and vacate state court judgments entered against Plaintiffs by invoking federal court jurisdiction.

3. The District Court further found that all other claim based on federal statutes were without merit. The Court exercised its discretion to dismiss the pendant state law tort claims as well, (in the event that the Rooker-Feldman Doctrine did not apply). Finally, the Court set an Order to Show Cause why the sanction of pre-filing review should not be imposed against Plaintiffs. A true and correct copy of the "Order Dismissing Action; Order on Plaintiffs to Show Cause Why the Sanction of Pre-Filing Review Should Not Be Granted" is attached hereto, Marked **EXHIBIT "1"**.

4. Plaintiffs did not respond to the Order to Show Cause.

5. On September 26, 2000, the Court issued its Order Imposing Sanction of Pre-Filing Review on Michael Ioane and Shelly Olson aka Shelly Ioane. A true and correct copy of such order is attached hereby, marked **EXHIBIT "2"**.

6. As set out in the Order to Show Cause, the Court imposed a Pre-Filing Order based on a record showing that between 1996 and 2000, Plaintiffs filed twenty six lawsuits in the Northern District of California, (evidencing a litigious nature). The Court reviewed the filings and summarized their main purpose was to avoid payment of a debt or to harass creditors. The actions ended in dismissals, some Court ordered and other voluntary after settlements.

7. Plaintiffs argued in their Motion that since the Pre-Filing Order was imposed on September 26, 2000 the Plaintiffs had not commenced any civil actions in the Northern District of California. In 2003, they filed a bankruptcy case. A check on 'PACER' will confirm these statements. Plaintiffs thus demonstrated steady compliance with the Court's order for a lengthy period of time, <u>in excess of 15 years</u>. Plaintiffs learned a lesson from the Order to Show Cause. They have ceased using lawsuits as an attempt to escape from debts or to harass creditors into settlements, which resulted in an undue burden on the federal court. Nor have Plaintiffs simply gone to another forum. Plaintiffs have not commenced any civil actions in the District of Nevada in the past 15 years, save and except for approximately two FOIA applications. Plaintiffs have commenced two civil actions in the Eastern District of California since the Pre-Filing Order was issued over 15 years ago. One of the actions resulted in a stipulated quiet title judgment. The other tort action survived a motion to dismiss, a motion for summary judgment and is set for trial later this year. Plaintiffs have not filed any civil action in any other district courts in the past 15 years.

8. Plaintiffs argued in the Motion that they hold a number of reasons for seeking to dissolve the Pre-Filing Order. First, it is no longer necessary given Plaintiffs' change in behavior and attitude

toward civil litigation. The circumstances have certainly changed in intervening 15 years since the Pre-Filing Order was issued from those which existed in the year 2000 when Plaintiffs had filed numerous lawsuits in the District Court. Plaintiffs are no longer litigious and they do not file frivolous actions. Second, the Pre-Filing Order is used by others to case the stigma of vexatious litigant on Plaintiffs. The Pre-Filing Order has mainly been used by other parties to discredit Plaintiffs and undermine their arguments and motives. The stigma of 'vexatious litigant' should no longer attach to Plaintiffs because it is no longer accurate or apt yet has an undue influence on the thinking and opinions of others in the legal system once it is introduced into evidence. Third, the Pre-Filing Order infringes on Plaintiff's fundamental rights as citizens to seek redress from the government and for that reason "is an extreme remedy, and should be used only in exigent circumstances. *Oliver*, In re, 682 F.2d 443 (3rd Cir. 1982) Another Court of Appeal has stated such orders should "remain very much the exception to the general rule of free access to the courts". *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980) The Pre-Filing Order as drawn up by the Court is overbroad in that it is neither limited to subject matter or in time. A Pre-Filing Order which has no boundaries is one which is not 'narrowly tailored" and would not therefore be upheld if it had been appealed. (See, *DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) The current Pre-Filing Order has resulted in a lifetime penalty against Plaintiffs restricting their free access to the courts for an excessive number of lawsuits that were filed over a five year period more than 15 years ago when the Plaintiffs were experiencing financial difficulties and lost two properties to foreclosure.

  9. Plaintiffs also argued that they have no intention of filing any new lawsuits in the District Court if the Pre-Filing Order is dissolved. In addition, they have permanently curbed the filing of any unmeritorious lawsuit simply for the purpose of evading debts or harassing creditors.

NOTICE OF MOTION AND MOTION FOR NEW TRIAL/RECONSIDERATION OF "ORDER DENYING MOTION TO DISSOLVE [PRE-FILING] ORDER ENTERED 09/26/00"

Page 5

10. On June 15, 2016, Hon. Judge Edward J. Davila denied Petitioner Michael Ioane and Shelly Ioane's "Motion to Dissolve Order entered on September 26, 2000".

## II. STANDARD FOR A NEW TRIAL MOTION

Plaintiffs bring this motion for new trial under Federal Rules of Civil Procedure Section 59 asking this Court to alter or amend its judgment, which Plaintiffs have timely filed (28) days of service of the entry of judgment on June 15, 2016 (Fed. R.Civ.P.59(e)).

The Ninth Circuit has identified three reasons sufficient to warrant a Court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence; and (3) the need to correct clear manifest error in law or facts, to prevent manifest in justice, School Dist. No. IJV. AC and 5, Inc. 5 F.3d 1255, 1263 (9th Cir. 1993). In other words, "Rule 59(e) relief is appropriate only where 'the Court has misapprehended the facts, a party's position or the controlling law'". *Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (citations omitted).

Plaintiffs contend that the Court should correct the errors of fact and/or law and reconsider its Order in order to prevent "a manifest injustice". Furthermore, Plaintiffs could not have raised the new evidence at an earlier time because the incident occurred after this motion was filed.

## III. ARGUMENT

**A. SINCE THIS MOTION WAS FILED, ATTORNEYS IN TWO DIFFERENT CIVIL CASES HAVE USED IT TO PREJUDICE THE MOVANTS AND MAKE THE PROSECUTION OF THEIR CLAIMS MORE ONEROUS.**

The Court's Order Denying Motion to Dissolve [Pre-filing] Order entered 09/26/00 (Docket #003) ("Order") faulted movants for the failure to substantiate their claim that the pre-filing order has become "substantially more onerous" due to the stigma of 'vexatious litigant'. ("Although Movants

NOTICE OF MOTION AND MOTION FOR NEW TRIAL/RECONSIDERATION OF "ORDER DENYING MOTION TO DISSOLVE [PRE-FILING] ORDER ENTERED 09/26/00"

Page 6

suggest this label has caused them prejudice in other actions, they provide no specific evidence to support their claim that it has "undue influence on the thinking of others in the legal system once it is introduced into evidence". Consequently, their position is distinguishable from the one described in *SEC v. Warren*, 583 F.2d 115 (3d. Cir. 1978)" Order, 3:25 – 4:3)

In point of fact, just since this motion was filed, two instances have occurred - - once in State Court and the other in Federal Court - - where the movants were scarred with the label 'vexatious litigant' to their injury or prospective injury in the minds of the trier of fact. This newly discovered evidence warrants reconsideration of the motion.

**First,** on January 22, 2016, in the action entitled *Thompson v. Ioane, et. al.*, Superior Court of California, County of Santa Cruz, Case No. CV179290, the Court issued an order declaring movants to be vexatious litigants, (subject to a pre-filing order), <u>based exclusively upon the continued existence of the pre-filing order in the federal action.</u> The state court judge (Hon. John Gallagher) had tentatively denied Plaintiff, Thompson's motion to declare defendants vexatious litigants under Cal. Code of Civil Procedure § 391(b)(3) finding that the Ioane's conduct in that case did not meet the standard for imposition of a vexatious litigant order. However, the plaintiff's counsel argued that the Ioanes met the standard under § 391(b)(4) based on the continued existence of the pre-filing order in this case. ("(b) "Vexatious Litigant" means a person who does any of the following: .... (4) Has previously been declared to be a vexatious litigant by any state or federal court . . ." Cal. C.C.P. § 391(b)(4)) The Plaintiff's attorney asked for a continuance of the hearing to obtain a certified copy of the pre-filing order in this case and to make a request for judicial notice. At the continued hearing, the Court granted the motion based solely on the existence of the pre-filing order in this case. After 16 long years of no violations by the movants, the order is now proliferating in other courts and jurisdictions. The state court trial judge felt that he had no discretion but to grant the request.

NOTICE OF MOTION AND MOTION FOR NEW TRIAL/RECONSIDERATION OF "ORDER DENYING MOTION TO DISSOLVE [PRE-FILING] ORDER ENTERED 09/26/00"

Page 7

Attached to this motion are the following: **EXHIBIT "3"**, Order of January 22, 2016 declaring Ioanes to be Vexatious Litigants in Thompson v. Ioane; **EXHIBIT "4"**, Reporter's Transcripts of January 6, 2016 hearing on motion; **EXHIBIT "5"**, Reporter's Transcript of January 15, 2016 continued hearing on motion.

It is noteworthy that in the *Thompson v. Ioane* action, movants were <u>defendants</u> - - they did not initiate the action and thus could in no way be said to have brought the action to harass or annoy the Plaintiff, (on the contrary it appears that the opposite is true). Had the Court dissolved the pre-filing order, the California State Court would be obligated to dissolve its own order as it is wholly derivative in nature. Throughout that state court case, the plaintiff's attorney attached the pre-filing order in this case to motions as an exhibit, reminding the court that the movants were vexatious litigants who had made unmeritorious claims in the past. (The pre-filing order was an exhibit to the plaintiff's motion for summary judgment - - a motion which was over three hundred pages of exhibits and thus is not made an exhibit to this motion.)

**Second**, the defendants' attorneys in the action entitled, *Halliday v. Spujte, et. al.*, United States District Court, Eastern District of California, Case No. 07-v-00620 filed an amended Pre-Trial Statement on May 3, 2016 in which they indicate that they want to submit into evidence, before the jury, the pre-filing order entered in this case to show that movants are vexatious litigants. The Amended Pretrial Statement is attached to this motion as **EXHIBIT "6"**. On pages 5-6, the defendants request to bring the pre-filing order into evidence, apparently, to bolster their case that because movants were declared to be vexatious litigants 16 years ago in this action, the federal agent defendants' excessive force was actually reasonable. Movants' lawsuit has survived two summary judgment motions. (See **EXHIBIT "7"**, Order Denying Motion for Summary Judgment). The sole purpose of this request to submit the pre-filing order into evidence is to cast the "stigma of vexatious

NOTICE OF MOTION AND MOTION FOR NEW TRIAL/RECONSIDERATION OF "ORDER DENYING MOTION TO DISSOLVE [PRE-FILING] ORDER ENTERED 09/26/00"
Page 8

litigant" before the jury and judge in this case set to be tried on September 6, 2016 before the Honorable Judge Ishii.

These two recent incidents are 'newly discovered evidence' and establish that compliance with, and the living conditions under, the pre-filing order have become "substantially more onerous", that movants are being unfairly stigmatized as "vexatious litigants" in other litigation which has caused and will continue to cause them prejudice in the form of "undue influence on the thinking of other in the legal system once it is introduced into evidence". Because the continued imposition of the pre-filing order on movants has made compliance "substantially more onerous" this case is not factually distinguishable from *SEC v. Warren*, 583 F.2d 111 (3rd Cir. 1978)  There, Warrant was denied some business opportunities and precluded from membership on the Board of Directors of some Corporations. Here, movants' pre-filing requirements are extending into other jurisdictions and they are being stigmatized and discredited in the course of other litigations.

**B. UNDER RULE 60(b)(5), A COURT MAY DISSOLVE OR MODIFY AN INJUNCTION BASED ON A CHALLENGE TO THE SCOPE OR OVERBREADTH WHERE "APPLYING IT PROSPECTIVELY IS NO LONGER EQUITABLE"**

In *U.S. v. Holtzman*, 762 F.2d 720 (9th Cir. 1985), six years after entry of an injunction barring the defendant from importing motor vehicle which did not comply with U.S. emissions standards the defendant moved inter alia under Rule 60(b)(5) in District Court to dissolve the injunction. He argued that applying the injunction prospectively was no longer equitable because it prohibited him from engaging in lawful commercial activity, and the original injunction was not limited in scope and duration. The District Court denied his motion. The defendant had not filed a direct appeal.

The Ninth Circuit Court of Appeal reversed finding that the government was not prejudiced by the failure to timely raise the issue on direct appeal and "the prospective nature of the injunction

calls for leniency in interpreting the reasonable time requirement". Hotlzman, *Id.*, 725  As for the substance of the appeal, the Court held that when an injunction enjoins lawful activity, its scope <u>must be limited in duration</u>:

> "Moreover, although federal courts have the equitable power to enjoin otherwise lawful activity if they have jurisdiction over the general subject matter and the injunction is necessary and appropriate in the public interest to correct or dissipate the evil effects of past unlawful conduct, this power is not often necessary or appropriate, and is therefore infrequently exercised. … [A] necessary and appropriate injunction against otherwise lawful conduct must be carefully limited in time and scope to avoid an unreasonably punitive or non-remedial effect. See, Sundura Co., 339 F.2d [847] at 861. It [the injunction] has been in effect now for six years without a fixed termination date.  Because paragraph 1 was not appropriately limited in duration, the district court abused its discretion by not vacating it under Rule 60(b)(5) as prospectively inequitable."

*United States v. Holtzman*, 762 F.2d 720, 726 (9th Cir. 1985)

Similar circumstances are present in this case.  The pre-filing order places restrictions on movants' rights of access to the courts, which is a constitutionally protected activity and thus deserving of more careful protections than the ordinary commercial activity of importing cars in *Holtzman*. *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (such orders should "remain very much the exception to the general rule of free access to the courts", quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.).

On its face the scope of the pre-filing order in this case is overbroad.  It is not limited to particular types of cases.  It is not limited in time.  It applies to all cases which the movants attempt to file in this district and it operates infinitely.  A similar type of pre-filing order did not withstand appellate scrutiny in *DeLong v. Hennessey*, 912 F.2d 1144 at 1146-7 (9th Cir. 1990).  The Ninth Circuit struck the pre-filing order on that basis, ruling:  "Another problem with the vexatious litigant order is its breadth…..The order has no boundaries…..Narrowly tailored orders are needed "to

NOTICE OF MOTION AND MOTION FOR NEW TRIAL/RECONSIDERATION OF "ORDER DENYING MOTION TO DISSOLVE [PRE-FILING] ORDER ENTERED 09/26/00"

Page 10

prevent infringement on the litigator's right of access to the courts." Sires, 748 F.2d at 51…¶ Here, the order is narrowly tailored. Accordingly, we find that the district court's order was overly broad and cannot be upheld." DeLong *Id.* at 1148. There is no distinction between the language of the pre-filing order in DeLong and in this case. Because the pre-filing order has no boundaries, it is prospectively inequitable. This Court must vacate it under *Holtzman* and *DeLong*. Sixteen years of restricted access to the courts is enough.

## IV. CONCLUSION

Based on the foreclosing, Defendants, MICHAEL IOANE and SHELLY IOANE respectfully request that the District Court grant this motion for new trial, and grant their request to dissolve the pre-filing order.

Date: July 6, 2016    By: _____
                         Shelly Ioane

Date: July 6, 2016    By: _____
                         Michael S. Ioane

# REQUEST FOR JUDICIAL NOTICE

Plaintiffs, MICHAEL IOANE and SHELLY IOANE ("Movants") hereby request the court to take judicial notice under Federal Rules of Evidence, Rule 201, of the following documents filed in, or reported concerning, cases pending in courts of the United States of America and State of California:

1. "Order Dismissing Action; Order on Plaintiff to Show Cause Why the Sanction of Pre-Filing Review Should Not Be Granted", file August 25, 2000 in the above entitled action [Case No. 99-cv-21119 SW]. A true and correct copy of said order is attached hereto, marked **EXHBIIT "1"**.

2. "Order Imposing Sanction of Pre-Filing Review on Michael Ioane and Shelly Olson aka Shelly Ioane", filed September 26, 2000 in the above entitled action [Case No. 99-cv-21119-SW]. A true and correct copy of said order is attached hereto, marked **EXHIBIT "2"**.

3. "Order Declaring Michael Ioane and Shelly Ioane To Be Vexatious Litigants", filed January 22, 2016 in the action entitled, *Thompson v. Ioane, et. al.*, Superior Court of California, County of Santa Cruz, Case No. CV 179290. A true and correct copy of said order is attached hereto, marked **EXHIBIT "3"**.

4. Reporter's Transcript of January 6, 2016 law and motion hearing in *Thompson v. Ioane, et. al.*, Superior Court of California, County of Santa Cruz, Case No. CV 179290. A true and correct copy of the said transcript is attached hereto, marked **EXHIBIT "4"**.

5. Reporter's Transcript of January15, 2016 law and motion hearing in *Thompson v. Ioane, et al.*, Superior Court of California, County of Santa Cruz, Case No. CV 179290. A true and correct copy of said transcript is attached hereto marked **EXHIBIT "5"**.

NOTICE OF MOTION AND MOTION FOR NEW TRIAL/RECONSIDERATION OF "ORDER DENYING MOTION TO DISSOLVE [PRE-FILING] ORDER ENTERED 09/26/00"

Page 12

6. "Amended Pre-Trial Statement", filed May 3, 2016 in the action entitled, *Halliday v. Spujte*, et al., United States District Court, Eastern District of California, Case No. 07-cv-00620 AWI. A true and correct copy of said statement is attached hereto, marked **EXHIBIT "6"**.

7. "Order Denying Motion for Summary Judgment", filed April 19, 2016 in the action entitled *Halliday v. Spujte, et al.*, United States District Court, Eastern District of California Case No. 07-cv-00620 AWI. A true and correct copy of said order is attached hereto, marked **EXHIBIT "7"**.

Dated: July 6, 2016          By: /s/ Shelly Ioane
                                  Shelly Ioane

Dated: July 6, 2016          By: /s/ Michael Ioane
                                  Michael S. Ioane

NOTICE OF MOTION AND MOTION FOR NEW TRIAL/RECONSIDERATION OF "ORDER DENYING MOTION TO DISSOLVE [PRE-FILING] ORDER ENTERED 09/26/00"

Page 13